THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. APRIL S. DUNKIN, Defendant-Appellant.

Fourth District    No. 4—05—0217

Opinion filed August 23, 2005.

Donald W. Wilcox, Jr., of Bloomington, for appellant.

William A. Yoder, State's Attorney, of Bloomington (Norbert J. Goetten, Robert J. Biderman, and Aimee Sipes Johnson, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McCULLOUGH delivered the opinion of the court:

In June 2004, defendant, April S. Dunkin, pleaded guilty to one count of burglary, a Class 2 felony (720 ILCS 5/19—1(a), (b) (West 2004)). In August 2004, upon her election and acceptance into the Treatment Alternatives For Criminal Justice Clients (TACJC) program (20 ILCS 301/40—5 through 40—15 (West 2004)), the trial court sentenced her to five years' probation, which the court concluded was the minimum sentence she could receive. The court denied her motion to reconsider, and she appeals.

On appeal, defendant contends the trial court erred in concluding that it had no authority to consider a lesser period of probation. The State concedes the court erred, and upon consideration, we agree and remand for a new sentencing hearing.

Section 40—10(a)(1) of the Alcoholism and Other Drug Abuse and Dependency Act governs sentencing under the Act and provides:

"[I]f he or she elects to submit to treatment and is accepted he or she shall be sentenced to probation *** for a period not to exceed the maximum sentence that could be imposed for his conviction or 5 years, whichever is less." 20 ILCS 301/40—10(a)(1) (West 2004).

Burglary, a Class 2 felony, is punishable by a sentence of three to seven years' imprisonment. 730 ILCS 5/5—8—1(a)(5) (West 2004). Based on the wording of the statute, the trial court believed it was required to sentence defendant to a *minimum* of five years' probation. We disagree.

We agree with the trial court that the language of the statute is not a model of linguistic clarity. However, we also agree with defendant and the State that the proper construction of the provision in these circumstances permits the trial court to consider a sentence of something less than five years' probation. That alternative, five years, is simply the maximum the court can impose because of the greater maximum sentence the underlying burglary offense allows.

Because the trial court believed it had no authority to consider a lesser sentence, despite indicating it was inclined to do so, we vacate the sentence and remand for a new sentencing hearing.

Vacated and remanded for further proceedings.

TURNER and MYERSCOUGH, JJ., concur.